**Lucinda LAMONT, Appellant,**

v.

**MINNESOTA DEPARTMENT OF EMPLOYEE RELATIONS, et al., Respondents.**

**No. CX–92–1470.**

Court of Appeals of Minnesota.

Jan. 19, 1993.

**12**

Gregg M. Corwin, St. Louis Park, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Catherine M. Keane, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by SHORT, P.J., and PARKER and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Lucinda Lamont appeals from a summary judgment in favor of respondents. She claims the termination of her employment violated Minn.Stat. § 43A.07, subd. 6 (1990). We affirm.

## FACTS [1]

Appellant Lucinda Lamont held the classified position of Information Officer IV in the Office of Communications at the Minnesota Department of Transportation (MnDOT). Her responsibilities included developing and managing MnDOT's statewide public affairs functions, directing and supervising personnel who produced internal publications, and providing central office liaison for eight MnDOT districts and their public affairs personnel. Lamont's supervisor was Assistant Commissioner Jim Mulrooney.

In February 1991, Cyndy Brucato was appointed to the unclassified position of Director of Communications/Press Secretary at MnDOT. She replaced Mulrooney as Lamont's supervisor. On February 25, 1991, Brucato notified Lamont that her Information Officer IV position would be abolished. Lamont was laid off effective March 26, 1991.

The Information Officer IV position was abolished pursuant to a reorganization of the Office of Communications after Governor Arne Carlson took office in January 1991 and appointed John Riley Commissioner of Transportation. According to Bruca-

1. Because this is an appeal from a summary judgment, the facts are presented in the light most favorable to appellant.

to, Lamont's position was abolished as part of the implementation of Riley's centralized approach to internal and external communications. There is no evidence in the record that the restructuring was done for any purpose other than making the department operate more efficiently and more compatibly with Riley's managerial policies.

Brucato assumed some of the duties Lamont had been performing, including coordinating the dissemination of news and acting as the primary contact with the news media, and coordinating the activities of the district public affairs coordinators. Betsy Brown, who held the classified position of Communications Manager, took over Lamont's responsibilities in the area of supervising internal publications. The remainder of Lamont's job tasks were assigned primarily to Tony Vignieri and Kelly Shannon, both of whom held unclassified positions at MnDOT. Following Lamont's layoff, two new unclassified employees began working in the Office of Communications.

## ISSUE

Did respondents violate Minn.Stat. § 43A.07, subd. 6 (1990) in terminating Lamont's employment?

## ANALYSIS

■■■ On appeal from a summary judgment, this court's only function is to determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). This court must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Id.* However, to defeat a motion for summary judgment, the nonmoving party may not rely on general statements of fact but instead must produce specific facts showing the existence of a genuine issue for trial. *Hunt v. IBM Mid Am. Employees Fed. Credit Union*, 384 N.W.2d 853, 855 (Minn. 1986).

■■■ Statutory construction is a question of law subject to de novo review on appeal. *Doe v. Minnesota State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989). In construing a statute, the object "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1990).

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

*Id.*

Minn.Stat. § 43A.07, subd. 6 (1990) provides:

> Except for just cause, an employee with permanent status shall not be removed from a position which is declassified for a period of one year following the declassification. An appointing authority may remove an incumbent of a declassified position after one year with 30 days prior notice. At any time after the declassification, and prior to the end of the 30-day notice period, if so requested, the employee shall be appointed within the same agency to a classified position comparable to the position that was declassified or, if a comparable position is unavailable, to a position in that agency comparable to that held immediately prior to being appointed to the declassified position.

A declassified position is defined as "a position which is removed from the classified service and placed in the unclassified service." Minn.Stat. § 43A.02, subd. 17 (1990).

> "Position" means a group of duties and responsibilities assigned or delegated by competent authority, requiring the full-time or less than full-time employment of one person.

Minn.Stat. § 43A.02, subd. 31 (1990).

■■■ Under the plain meaning of the statute, there must be a declassified position in existence for a person to qualify for the benefits of Minn.Stat. § 43A.07, subd. 6. A position is the group of duties assigned to one person. Minn.Stat. § 43A.02, subd. 31. Here, as part of the reorganization of the office of communications, the

duties Lamont had been performing were divided up and assigned to various existing department personnel. As a result, the position of Information Officer IV no longer existed in either the classified or unclassified service, and, therefore, does not fall within the statutory definition of a declassified position.

Lamont argues that her position was declassified because some of her duties were assigned to unclassified employees. We disagree. To the extent Lamont's duties were being performed by existing department personnel, her position was eliminated, not declassified. Although two new unclassified employees began working in the office of communications following Lamont's layoff, Lamont has presented no specific facts showing any connection between her layoff and the new employees. Absent such evidence, Lamont's claim that her position was declassified must fail.

 Our construction of the statute is consistent with an employer's right to implement managerial policy. Under both the Public Employees Labor Relations Act and the collective bargaining agreement governing Lamont's employment at MnDOT, the employer retains its rights to manage and direct its operations and affairs. *See* Minn.Stat. § 179A.07, subd. 1 (1990) (public employer not required to meet and negotiate on matters of inherent managerial policy, including organizational structure); Collective Bargaining Agreement between the State of Minnesota and the Middle Management Association, art. 4 (Sept. 6, 1989) (employer retains right and authority to operate and direct affairs). Minn.Stat. § 43A.07 was not intended to take away an employer's authority to restructure its operations for a legitimate purpose, such as improving efficiency. *See* Minn.Stat. § 43A.01, subd. 1 (1990) (state's policy is to maintain efficient, effective personnel system to meet needs of state).

## DECISION

The district court properly granted summary judgment for respondents because Lamont failed to present sufficient evi-

dence to support a finding that her position had been declassified.

Affirmed.